SWIFT, Judge.
The defendant, Bernice Glover, has appealed from a judgment holding her liable as an accommodation maker for the amount owed on a promissory note.
On September 16,1977, Lloyd A. Francois and his wife, residents of St. Martinville, St. *854 Martin Parish, Louisiana, obtained a loan from American Discount Corporation (American), the plaintiff, to purchase a washer, dryer and refrigerator. Mrs. Glover, their next door neighbor, signed the note for $1,488.00 payable in monthly installments. It was secured by a chattel mortgage on the appliances.
In April, 1978, Mrs. Glover noticed that the Francois were loading their furniture and possessions into a truck bearing a Texas license plate. Mr. Francois told her they were moving back to Texas and she immediately notified Mr. Morral Roy, American’s manager.
Roy went to the Francois’ home and observed that the mortgaged appliances were being loaded on the truck. Mr. Francois confirmed the fact that he and his wife were returning to Texas, but said he was moving the appliances to his brother’s home in the community of Cade which is also St. Martin Parish. Mr. Roy told Francois he could not remove the mortgaged appliances from St. Martin Parish and the latter acknowledged he was aware of this. The Francois’ were not delinquent in their installments on the note at this time. However, their last monthly payment was made on June 29, 1978.
American was unable to locate the Francois or the mortgaged appliances thereafter and filed this suit against the defendant for the balance due on the note plus interest and attorneys fees. Mrs. Glover’s defense, that plaintiff’s refusal to prevent the removal of the appliances unjustifiably impaired the collateral and to that extent discharged her from liability, was rejected by the trial court. The judge found the following:
“1. The note was not in arrears at the time of the occurrence.
“2. The plaintiff was justified in accepting the makers (sic) explanation that he was moving the property to the home of his brother which was in the Parish of St. Martin.
“3. Said action was not a violation of his obligations under the contract.
“4. No action of the plaintiff unjustifiably impaired any right to which the surety was entitled.’’
On appeal Mrs. Glover asserts that the trial court erred in rejecting her affirmative defense under LSA-R.S. 10:3-606. She further contends that she was also discharged by LSA-C.C. Art. 3061, because she was a surety on the note and American’s actions made it impossible for her subrogation to the creditor’s rights, mortgages and privileges to be exercised.
As a party to the instrument Mrs. Glover is entitled to assert as a defense the provisions of R.S. 10:3-606, which in pertinent part reads as follows:
“(1) The holder discharges any party to the instrument to the extent that without such party’s consent the holder
# sfc * * sfc ♦
“(b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.”
We agree, however, with the trial judge that no action of the plaintiff unjustifiably impaired the collateral or any right to which the defendant was entitled.
At the time of their move the Francois were not in arrears on the note. American’s manager did attempt to discover where they were moving the appliances. But he did not have sufficient information to the contrary to dispute Mr. Francois’ response that the appliances were not leaving the parish. The manager reminded Francois that they could not take the mortgaged property out of St. Martin Parish and the latter seems to have agreed.
Since the law does not approve of self-help, any physical attempt to prevent Francois from moving the property certainly would have been inappropriate.
We are not convinced that on the basis of the information at hand the plaintiff was under a duty to seek sequestration or an injunction to prevent Francois from moving the appliances. Further, it was not established that American had sufficient time in this case to take effective legal action aimed at preventing the move.
*855 We are convinced that American’s actions were reasonable in this instance and therefore did not unjustifiably impair the collateral or any rights to which the defendant was entitled.
This finding also disposes of the appellant’s argument that she was a surety and discharged under Article 3061 of our civil code. Even if this solidary accommodation maker was a surety entitled to the relief provided by this codal article, of which we have some doubt, under the present facts American did nothing to cause her subrogation to the creditor’s rights to become inoperative.
Glass v. McLendon, 66 So.2d 369 (La.App. 2 Cir. 1953), relied on by appellant, is readily distinguishable. In that case the creditor actually consented to the removal of the mortgaged furniture from Louisiana to Arkansas.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.